IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| DON A WADE | § | |
| | § | |
| V. | § | NO. 1:18-cv-570-RP |
| | § | |
| HOUSEHOLD FINANCE | § | |
| CORPORATION III, WILMINGTON | § | |
| SAVINGS BANK FSB, and JACK | § | |
| O'BOYLE & ASSOCIATES | § | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE ROBERT PITMAN
      UNITED STATES DISTRICT JUDGE

Before this Court are Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim of Defendants Jack O'Boyle & Associates and Jack O'Boyle[1] (Dkt. No. 4); Defendant Household Finance Corporation III's Motion to Dismiss (Dkt. No. 8); and Defendant Wilmington Savings Bank FSB's Motion to Dismiss (Dkt. No. 9). Plaintiff Don A. Wade has failed to file any responses to these motions. The District Court referred the above-motions to the undersigned Magistrate Judge for Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72 and Rule 1(c) of Appendix C of the Local Rules.

## I. GENERAL BACKGROUND

On July 9, 2018, this case was removed from the 421st Judicial District Court of Caldwell County, Texas. In his Original Petition, Wade claims that HFC extended to him a home equity loan secured by property located at 596 Boulder, Dale, Texas, 78615, which Plaintiff "designated for agricultural use." Dkt. No. 1-3 at 2-3. Wade alleges the note secured by the property is invalid

---

[1] Jack O'Boyle is not individually named in Plaintiff Wade's state court Original Petition. Dkt. No. 1-3 at 2.

because the Texas Constitution prohibits properties designated for agricultural purposes from being used as security for a home equity loan. *Id.* at 3. Wade claims that as a result of this "invalid lien," Defendants' efforts to foreclose on the property violate the Texas Constitution, the Texas Debt Collection Act, and the Texas Deceptive Trade Practices Act. *Id.* at 4–7.

This is the fourth time Wade has brought suit against HFC in an attempt to avoid foreclosure. The first time Wade filed suit against HFC was on February 6, 2015, where he sought to set aside a foreclosure of the Property. The first suit was also filed in state court in Caldwell County and later removed to this Court. *See Don A. Wade v. Household Finance Corporation III,* Case No. 1:15-CV-210-RP. In that matter, Wade asserted claims of breach of contract, violations of the DTPA, violations of the Truth in Lending Act, fraud and rescission. On June 4, 2015, this Court dismissed all of Wade's claims with prejudice in response to HFC's motion to dismiss. *Id.* at Dkt. No. 11. Wade's second suit against HFC was also filed in Caldwell County. It was filed September 24, 2015, and asserted essentially the same claims and allegations as the first. The second suit, like the first, was removed to this Court. *See Don A. Wade v. Household Finance Corporation III*, Case No. 1:15-CV-1086-RP. Again the Court dismissed Wade's claims, ruling this time that the claims were barred by *res judicata* based on the first suit. *Id.* at Dkt. No. 10 (Feb. 9, 2016).

In his third attempt to avoid foreclosure, Wade filed a complaint and request for injunction against HFC with the United States Bankruptcy Court for the Western District of Texas, San Antonio Division on October 19, 2016. *Don Acquana Wade v. Household Finance Corp. III*, 1:16-BR-51899-RBK. On HFC's motion, the Court dismissed Plaintiff's claims in their entirety on January 9, 2017. *Id.* at Dkt. No. 9. Wade appealed the bankruptcy court's order to a district judge, but the appeal was dismissed on June 9, 2017. *See Don Acquana Wade v. Household Finance Corp. III,* 5:17-CV-00148-XR at Dkt. Nos. 3 and 20.8.

Wade now bring this fourth lawsuit against Household. This time he includes two additional parties as defendants—Wilmington Savings Bank, FSB and Jack O'Boyle and Associates. He brings a claim for declaratory relief, alleges violations of the TDCA and DTPA, and requests a temporary restraining order. All of the Defendants have moved to dismiss the case pursuant to Rule 12(b)(6). Wade has not responded to any of the motions. Instead, Wade's attorney, Robert Zimmer, filed a motion to withdraw as counsel. Dkt. No. 6. Zimmer states that that when he brought this case, he was unaware of Wade's three previous attempts to avoid foreclosure. He states that the prior *res judicata* ruling requires him to withdraw pursuant to Fed. R. Civ. P. 11, and the applicable Texas Rules of Professional Conduct, Rule 3.01.

## I. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows a party to move to dismiss an action for failure to state a claim upon which relief can be granted. In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim, "[t]he court accepts all well-pleaded facts as true, viewing them in the light most favorable to the [nonmovant]." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotation marks omitted), cert. denied, 552 U.S. 1182 (2008). The Supreme Court has explained that a complaint must contain sufficient factual matter "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the [nonmovant] pleads factual content that allows the court to draw the reasonable inference that the [movant] is liable for the misconduct alleged." *Id.* The court's review is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint. *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

## III. ANALYSIS

Each of the three defendants has filed a separate motion to dismiss. The Court will address each separately.

### A. Household Finance Corporation III's Motion to Dismiss (Dkt. No. 8)

HFC moves to dismiss because Wade's claims are barred by *res judicata*, as the issues Wade raises were or could have been litigated in the prior federal actions, the prior actions were all between the same parties, the prior actions were concluded by final judgments on the merits, and were entered by courts of competent jurisdiction. Though it is not often the case, a finding of *res judicata* is appropriate on a motion to dismiss when the *res judicata* bar is apparent from the face of the pleadings and judicially noticed facts. *See Kansa Reins. Co. v. Cong. Mortg. Corp. of Tex.*, 20 F.3d 1362, 1366 (5th Cir. 1994); *see also Hall v. Hodgkins*, 305 F. App'x 224, 227-28 (5th Cir. 2008) (per curiam). "Th[e] 'rule of *res judicata* encompasses two separate but linked preclusive doctrines: (1) true *res judicata* or claim preclusion and (2) collateral estoppel or issue preclusion.'" *Comer v. Murphy Oil USA, Inc.*, 718 F.3d 460, 466 (5th Cir. 2013) (quoting *Test Masters Educational Services, Inc. v. Singh*, 428 F.3d 559, 571 (5th Cir.2005)). Federal law governs the preclusive effect accorded to a prior federal judgment in a diversity action. *See Rabo Agrifinance, Inc. v. Terra XXI, Ltd.*, 583 F.3d 348, 353 (5th Cir. 2009) (quoting *Reimer v. Smith*, 663 F.2d 1316, 1325 n. 9 (5th Cir. 1981). "True *res judicata* 'has four elements: (1) the parties are identical or in privity; (2) the judgment in the prior action was rendered by a court of competent jurisdiction; (3) the prior action was concluded by a final judgment on the merits; and (4) the same claim or cause of action was involved in both actions.'" *Comer*, 718 F.3d at 467 (quoting *Singh*, 428 F.3d at 571).

To determine whether the same claim or cause of action was involved in a prior action, the Fifth Circuit applies the "transactional test" of § 24 of the Restatement (Second) of Judgments. *Ries*

4

*v. Paige (In re Paige)*, 610 F.3d 865, 872 (5th Cir. 2010). Under the "transactional test" a claim or cause of action is the same if it relates to the same "transaction, or series of transactions, out of which the [original] action arose." *Id.* When applying this test, the primary question is whether the lawsuits were based on "the same nucleus of operative fact," regardless of the relief requested, or the claims brought. *Id.* "The rule is that *res judicata* 'bars all claims that were or could have been advanced in support of the cause of action on the occasion of its former adjudication, . . . not merely those that were adjudicated.'" *Howe v. Vaughan (Matter of Howe)*, 913 F.2d 1138, 1144 (5th Cir. 1990) (quoting *Nilsen v. City of Moss Point, Mississippi*, 701 F.2d 556, 560 (5th Cir. 1983)).

It is clear that *res judicata* bars Wade's claims against HFC. Wade and HFC were parties to all three of the prior cases. The courts of this District that presided over those cases were all courts of competent jurisdiction, and all entered final judgments on the merits and dismissed all of Wade's claims against HFC in the prior cases. The fourth requirement of *res judicata* is also satisfied because not only did all three cases arise out of the same "common nucleus of operative facts," they all also alleged the same or substantially similar claims. The two previous suits before Judge Pitman asserted claims relating to HFC's mortgage on the Property. The first case claimed that HFC breached the mortgage contract in foreclosing, wrongfully foreclosed on the property, improperly described the property in the mortgage documents, and misled him concerning the nature of the property pledged to secure the mortgage. *Don A. Wade v. Household Finance Corporation III,* Case No. 1:15-CV-210-RP. The second case similarly argued that the order of foreclosure and resulting sale were invalid because the property was mistakenly identified, the foreclosure was barred by laches, and the foreclosure was barred by the statute of limitations. Judge Pitman dismissed based upon *res judicata*, finding that both suits were based on the same loan that Wade obtained in 2005 from HFC, and "although the two suits [did] not raise identical claims, the claims clearly arise from

the same nucleus of operative facts." *Don A. Wade v. Household Finance Corporation III*, Case No. 1:15-CV-1086-RP, *Id.*, Dkt. No. 10 at 6.

In this case, although Wade challenges the validity of the lien on the property and argues that the forfeiture action on the property violates the TDCA and the DTPA, Wade's suit is nonetheless based upon the same nucleus of operative facts as the prior suits. This case challenges the validity of the 2005 loan obtained from HFC, and challenges HFC's standing to foreclose and the legality of that foreclosure. Dkt. No. 1-3 at 5. The case is clearly barred by *res judicata*. *Warren v. Mortgage Elec. Registration Sys., Inc.*, 616 F. App'x 735, 738 (5th Cir. 2015) (subsequent case based on same mortgage loan, raising same challenges to assignment and constitutionality of loan as prior suit, barred by *res judicata*); *Maxwell v. U.S. Bank Nat'l Ass'n*, 544 F. App'x 470, 472-73 (5th Cir. 2013) (subsequent case raising claims based on foreclosure proceedings barred by *res judicata* effect). HFC's motion to dismiss is therefore meritorious.

**B.     Defendant Wilmington Savings Bank FSB's Motion to Dismiss (Dkt. No. 9)**

In December 2017, HFC transferred the note to Wilmington Savings Fund Society FSB, as trustee of Stanwich Mortgage Loan Trust A, and that entity is now the current holder of the note. Dkt. No. 1-3 at 24-26. In its motion to dismiss, Wilmington asserts that Wade's claims against it should be dismissed because they are barred by *res judicata*, because Wilmington is in privity with HFC as the successor in interest to HFC's interest in the property. The first element of *res judicata* is that "the parties are identical or in privity." *Comer*, 718 F.3d at 467. Because the court has already found that Wade's claims against HFC are barred by *res judicta*, the Court's analysis on Wilmington's motion is confined to the question of whether the two entities are in privity.

"A non-party defendant can assert *res judicata* so long as it is in 'privity' with the named defendant." *Russell v. SunAmerica Sec., Inc.*, 962 F.2d 1169, 1173 (5th Cir. 1992). "[P]rivity exists

. . . where the non-party is the successor in interest to a party's interest in property." *Meza v. Gen. Battery Corp.*, 908 F.2d 1262, 1266 (5th Cir. 1990). Wade submitted documentation with his state court petition showing that HFC transferred its interest in the property to Wilmington. Dkt. No. 1-3 at 24-26. Furthermore, Wade's own pleadings identify Wilmington as HFC's "subsequent assignee" of its interest in the property. Dkt. No. 1-3 at 3. Thus, from the face of the pleadings filed by Wade, Wilmington is in privity with HFC because Wilmington was the successor to HFC's interest in the property. *See McMahan v. First Union Nat'l Bank*, 2003 WL 21339370 (W.D. Tex. June 10, 2003) (original lender and the bank "to whom the mortgage loan was later assigned . . . clearly in privity"). Because HFC and Wilmington are in privity, *res judicata* applies to Wade's claims against Wilmington, and its motion to dismiss should be granted.

C.  **Jack O'Boyle & Associates' Motion to Dismiss (Dkt. No. 4)**

Jack O'Boyle & Associates is a Texas law firm that was hired to represent HFC in a post-foreclosure forcible detainer proceeding brought against Wade. O'Boyle & Associates asserts that it has immunity from suit for actions taken in the course of representing its client, and Wade cannot recover against it for its discharge of its duties to its client in bringing an action to evict Wade. In his Original Petition, Wade asserts that "[f]rom 2014 to the present, Defendant HFC directed Jack O'Boyle & Associates, on multiple occasions, to make court filings in the collection litigation which falsely represented that: the a) alleged debt was valid; and that b) HFC had a valid lien on Wade's property." Dkt. No. 1-3 at 6, ¶ 36. The only actions identified by Wade forming the basis for its claims against Jack O'Boyle & Associates are actions the law firm took on behalf of HFC by making legal filings either in county court records or in judicial proceedings. *See* Dkt. Nos. 4-1 to 4-4.[2]

---

[2]In ruling on a motion to dismiss, a court may consider documents incorporated into the complaint by reference or integral to the claim, items subject to judicial notice, and matters of public

These documents show that Jack O'Boyle & Associates represented HFC in bringing an action of forcible detainer based upon Wade's continued occupancy of the property after foreclosure.

In Texas, an attorney is entitled to immunity from claims by non-clients related to the attorney's actions in representing a client in litigation. *Troice v. Proskauer Rose, L.L.P.*, 816 F.3d 341, 346 (5th Cir. 2016); *see also Cantey Hanger, LLP v. Byrd*, 467 S.W.3d 477, 481-84 (Tex. 2015). The doctrine "stem[s] from the broad declaration . . . that attorneys are authorized to practice their profession, to advise their clients and interpose any defense or supposed defense, without making themselves liable for damages." *Troice*, 816 F.3d at 346 (quoting *Cantey Hanger*, 467 S.W.3d at 481) (internal punctuation omitted). Because Wade's claims against Jack O'Boyle & Associates arise solely out of actions it took in the course of legal representation of HFC, the doctrine of attorney immunity bars Wade's claims.

### III. RECOMMENDATION

The undersigned **RECOMMENDS** that the District Court **GRANT** all three of the motions to dismiss: Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim of Defendants Jack O'Boyle & Associates (Dkt. No. 4), Defendant Household Finance Corporation III's Motion to Dismiss (Dkt. No. 8), and Defendant Wilmington Savings Bank FSB's Motion to Dismiss (Dkt. No. 9) and **DISMISS THIS CASE WITH PREJUDICE.** The Court **FURTHER RECOMMENDS** that the Court consider barring Wade from filing further lawsuits in this Court relating to the property at issue and its foreclosure.

### IV. WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made.

---

record. *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011).

The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(c); *Thomas v. Arn*, 474 U.S. 140, 150–53, 106 S. Ct. 466, 472–74 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

SIGNED this 1st of February, 2019.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE